The Western Union Telegraph Company *v.* Buskirk.

No. 12,610.

THE WESTERN UNION TELEGRAPH COMPANY *v.* BUSKIRK.

TELEGRAPH COMPANY.—*Statutory Penalty.—Complaint.—Matter of Defence.*— A complaint against a telegraph company, to recover the statutory penalty for failing to transmit a message, need not aver that the person to whom the message was directed lived within one mile of the receiving station or within the town or city in which such station is situate, as this is matter of defence.

SAME.—*Receiving Message from Agent.—Authority to Sign Sender's Name.— Estoppel.*—Where a telegraph company receives a message and the money for its transmission from a person other than the sender, without objection, it can not, in an action by the latter to recover the penalty for failure to transmit, question the authority of such person to sign the sender's name.

INSTRUCTIONS TO JURY.—*Defective.—When Deemed Cured.*—Where an instruction states the law correctly, as far as it goes, but is incomplete, it may be completed by another which supplies the defect.

EVIDENCE.—*Order of Admission.—Discretion of Trial Court.—Practice.*—The order of admission of evidence is very much within the discretion of the trial court, and a clear abuse must be shown to justify a reversal of the judgment.

From the Orange Circuit Court.

*J. H. Louden* and *R. W. Miers*, for appellant.

*J. W. Buskirk*, for appellee.

MITCHELL, J.—The appellee recovered a judgment against the appellant for $100, the statutory penalty for an alleged failure to transmit a telegraphic message according to the provisions of section 4176, R. S. 1881.

The default charged was the neglect to transmit a message delivered to the appellant's agent at Orleans, Indiana, on the 5th day of November, 1884, by the appellee, and directed to John W. Buskirk, at Bloomington, Indiana.

The sufficiency of the complaint is questioned, because it omits to aver that John W. Buskirk resided within one mile of the telegraph station to which the message was directed, or within the city or town in which such station is situate. This precise point was presented and decided adversely to the appellant in *Western Union Tel. Co. v. Lindley,* 62 Ind. 371.

Facts which go to excuse the failure to transmit a message delivered during usual office hours, according to the regulations of the company, must come from the defence. *Western Union Tel. Co.* v. *Gougar*, 84 Ind. 176.

The evidence tended to show that the appellee made a memorandum of the message alleged to have been delivered for transmission, on a scrap of paper, and directed another, to whom he delivered the paper, with the money to pay the charge for transmission, to go to the appellant's office, transcribe the message upon one of the company's blanks and deliver it prepaid for transmission.

There was evidence tending to show that the person thus authorized went to the telegraph office, and upon one of the company's blanks, furnished him by its agent, wrote a telegram according to the memorandum given him, addressing it properly, to which he signed the appellee's name.

It is insisted that it does not appear that the person thus authorized had authority to affix the appellee's signature to the message, and that if he was authorized he must have signed it in the character of an agent.

The jury were justified in finding from the evidence, that the signature of the appellee was duly authorized.

The company's agent having received the message and the money for its transmission without objection, it is not in a position to raise any question with the appellee, either as to the authority of the person who signed his name, or concerning the manner or character in which it was signed. The message was properly directed, and sufficiently indicated on its face who the sender was. Having been received for transmission without objection, the other parties interested being content, it is not for the company now to question the authority of the person who signed it for the appellee. Thousands of messages are received for transmission by telegraph companies, which are communicated to them orally by the senders, and which the company's agents write out and sign by the implied authority of the sender. If they are so received, they

are messages to be transmitted subject to all the liability imposed by law.

The question sharply contested at the trial was, whether or not the message and the money for its transmission were delivered at all or not. The appellee's messenger testified positively that he transcribed and delivered the message, signed the appellee's name to it, and paid the appellant's agent thirty-five cents for its transmission. The appellant's agent was equally emphatic in asserting that neither message nor money was delivered. To some extent both were corroborated. It therefore became a question eminently fit for the determination of the court and jury trying the cause. Having determined it, we can not, under the rule of this court, interfere with their conclusion.

The third instruction, given by the court, is the subject of criticism by the appellant. In this instruction the jury were told, in substance, that if the appellee delivered the message described in the complaint, to the defendant's agent, at the time and place therein mentioned, and paid the charges demanded for its transmission, and the defendant wrongfully failed and refused to transmit the message, etc., their verdict should be for the plaintiff.

Counsel challenge this instruction because, as they urge, the court undertook to recite the particular facts which would authorize the jury to find for the plaintiff, and in so doing omitted to state all the facts essential to a recovery. To have entitled the plaintiff to a verdict, it must have appeared that the defendant was engaged in telegraphing for the public, and that the message was delivered to it during usual office hours.

The jury were told that if certain facts were proved in respect to the delivery of the message, and the defendant wrongfully failed to transmit it, a recovery would be justified. No attempt was made in the instruction in question to define the circumstances under which a failure to transmit would have been wrongful. This was adequately done in other instructions. The question is therefore brought within the

rule, often repeated, that where an instruction states the law correctly so far as it goes, but is incomplete, it may be completed by another which supplies the defect. *Binns* v. *State,* 66 Ind. 428; *Achey* v. *State,* 64 Ind. 56.

If the appellant was not, at the time the message was delivered to it for transmission, engaged in telegraphing for the public, or if the message was delivered at any other than usual office hours, the failure to transmit was not wrongful, and substantially to this effect the jury were instructed in other instructions given by the court. Taken together, the instructions fairly presented the law of the case.

The objections which are made to one instruction, covering the subject of the authority to sign the appellee's name to the message in question, have been sufficiently remarked upon by what has already been said.

The admission of testimony in corroboration of evidence given by the principal witness for plaintiff, as part of the latter's case in rebuttal, is complained of. The order in which evidence, otherwise competent, is admitted, is so much a matter within the discretion of the court trying the cause, that unless a clear case of abuse is presented, we should not feel justified in reversing a cause. The record before us does not present such a case.

We find no error. The judgment is affirmed, with costs.

