TAYLOR *v.* STATE OF INDIANA.

[No. 25,016.    Filed November 17, 1926.]

1. CRIMINAL LAW.—*Introduction of evidence obtained by search warrant before introducing warrant not error.*—The introduction of evidence obtained by a search under a search warrant without first introducing the warrant and the affidavit therefor was not an abuse of the court's discretion as to the order of admission of evidence. p. 428.

2. CRIMINAL LAW.—The order of admission of evidence is within the discretion of the trial court. p. 428.

3. CRIMINAL LAW.—*Reversal of judgment for irregularity in order of introduction of evidence.*—A clear abuse of discretion must be shown to justify a reversal of the judgment for irregularity in the order of admission of evidence. p. 428.

4. CRIMINAL LAW.—A motion for a new trial on grounds other than those specified in the statute presents no question for review. p. 428.

From Rush Circuit Court; *Fremont Miller*, Special Judge.

Chester Taylor was convicted of having intoxicating liquor in his possession in violation of the statute, and he appeals. *Affirmed.*

*Albert C. Stevens*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *George J. Muller*, Deputy Attorney-General, for the State.

GEMMILL, J.—The appellant was prosecuted and found guilty of the unlawful possession of intoxicating

liquor in violation of §4, Acts 1925 p. 144, §2717 Burns 1926. His motion for a new trial was overruled and that ruling is assigned as error and relied upon for reversal of the judgment against him.

It is contended by the appellant that the court erred in overruling his objections to the admission of testimony concerning the search of his residence and 1-3. of the finding of whisky therein, and in admitting in evidence two exhibits of whisky, found in his residence, without the state first having introduced in evidence the affidavit for a search warrant and the search warrant by virtue of which the search was made. The evidence shows that the sheriff of Rush county met the appellant in Rushville on the courthouse lawn and informed him that he had a search warrant for his rooms, which were in a business block in that city. Appellant went with the sheriff, the chief of police and two policemen to his rooms. The search warrant was read to him there by the sheriff. The order of admission of evidence is within the discretion of the trial court. 2 Hyatt, Trials §1364; Hogate, Pleading and Practice §1103; *Western Union Tel. Co.* v. *Buskirk* (1886), 107 Ind. 549, 8 N. E. 557. A clear abuse of this discretion must be shown to justify a reversal of the judgment. *Western Union Tel. Co.* v. *Buskirk, supra.* This discretion was not abused by the court. No question was raised as to the validity of the search warrant.

The rulings of the court on the objections of appellant to the admissibility of evidence were not erroneous.

The verdict of the jury was not contrary to law.

4. Three of the alleged causes for new trial presented no questions as they were not statutory grounds for same.

The judgment is affirmed.