### TRAINER *v.* STATE OF INDIANA.

[No. 24,505.    Filed December 8, 1926.]

1. .INTOXICATING LIQUORS.—*Affidavit charging offense in language of the statute sufficient.*—An affidavit charging that the defendant unlawfully "manufactured" or "transported" liquor in violation of Acts 1923 p. 70 was sufficient.    p. 505.

2. STATUTES.—*If subject of a statute is expressed in title, act may embrace all matters connected therewith.*—The constitutional provision concerning the title of a statute is that the subject of an act must be expressed in the title, but the act itself may embrace all matters connected therewith.    p. 506.

3. INTOXICATING LIQUORS.—*Section 15 of prohibition law of 1917 was connected with subject of act and not unconstitutional.*—Section 15 of the prohibition law of 1917 (Acts 1917 p. 20, §8356o Burns' Supp. 1921), making it unlawful to receive intoxicating liquor from a carrier of such liquor or to possess liquor received from a carrier, was connected with the subject of the act and, therefore, did not violate Art. 4, §19 of the Constitution.    p. 506.

4. CRIMINAL LAW.—*The law in criminal cases consists of the Constitution and the statutes, as determined by the Supreme Court.*—The law in criminal cases, which the Constitution authorizes the jury to determine, consists of the Constitution and the statutes, as determined by the Supreme Court.    p. 507.

5. CRIMINAL LAW.—*Juries do not have the right to make law in criminal cases.*—Although Art. 1, §19 of the Constitution (§71 Burns 1926) authorizes juries to determine the law in criminal cases, it does not confer on them the right to make law. p. 507.

6. CRIMINAL LAW.—*Defendant has legal right to have Supreme Court's determination of law of case presented to jury by counsel.*—Under the provision of Art. 1, §19 of the Constitution (§71 Burns 1926), the defendant in a criminal prosecution has the legal right to have the law of the case, as determined by the Supreme Court, presented to the jury by his counsel.   p. 507.

7. CRIMINAL LAW.—*Instruction that jury was not to consider Supreme Court's reversal of former cases held reversible error.* —An instruction in a criminal prosecution that "no matter what cases have been reversed" (by the Supreme Court), the jury was not to "take that into consideration at all" was reversible error, as being in conflict with Art. 1, §19 of the Constitution (§71 Burns 1926).   p. 507.

8. INTOXICATING LIQUORS.—*Instruction that possession of more than gallon of whisky in June, 1923, was prima facie evidence that it was kept for purpose of sale, barter, etc., was erroneous.*—In a prosecution for manufacturing and transporting intoxicating liquor, receiving such liquor from a carrier and maintaining a liquor nuisance in June, 1923, an instruction that having possession of more than a gallon of whisky was *prima facie* evidence that it was kept for the purpose of being sold, bartered, etc., in violation of law, was erroneous, as possession of intoxicating liquor for such purposes was not then a criminal offense.   p. 509.

9. CRIMINAL LAW.—A verdict of guilty must be supported by competent evidence in proof of every element of the offense charged or it is contrary to law.   p. 511.

10. INTOXICATING LIQUORS.—*Evidence held insufficient to sustain conviction for transporting intoxicating liquor.*—Evidence that defendant transported intoxicating liquor more than two years prior to the date charged in the affidavit is not sufficient to sustain a verdict of conviction, as it would not prove the commission of an offense within the statute of limitation.   p. 511.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Thomas Trainer was convicted of manufacturing and transporting intoxicating liquor, and he appeals.  *Reversed.*

*Walterhouse & Miller,* for appellant.

*U. S. Lesh,* Attorney-General and *O. S. Boling,* for the State.

TRAVIS, J.—This is a criminal prosecution for alleged violation of §1, ch. 23, Acts 1923; §§15 and 20, ch. 4, Acts 1917, of the laws prohibiting the manufacture, etc., of intoxicating liquors.

The sole evidence by the appellee is, that three police officers, each of whom testified, went to the home of appellant, 903 East Twelfth street in Muncie, Delaware county, Indiana, between 11 and 12 o'clock in the forenoon. After being admitted to the dwelling house by the wife of appellant, who was at home alone, the officers searched the house, and found two hand-bags; one in the pantry which contained seven quarts of Canadian Club whisky; and the other, which contained nine quarts of the same brand of whisky, in the pantry off the dining room. The officers took the whisky away with them. It was introduced in evidence.

Appellant and his wife testified that appellant owned the whisky. They moved into the house, which was searched, three or four years before the time of the search, from another home in the city of Muncie, and moved this whisky with their other possessions. Six years before, they moved to Muncie from Greenfield, Indiana, where they had resided more than ten years, and took with them their whisky and more of the same brand, in the truck which carried their household goods, all of which, except the sixteen quarts had been drunk by the appellant. He testified that he used it as a medicine when he did not feel well, and that he had drunk all that had been consumed, and that he had not sold or otherwise disposed of any of it to any other person at any time, and that no one except himself ever drank any of it at his home. Appellant had been in the saloon business retailing liquor before the time of the prohibition of the manufacture or sale, etc., of intoxicating liquor, and when the law became effective, retained the whisky for his own private use and took it to his home

in Greenfield.    This is all the evidence, except that many witnesses testified that the moral character of appellant was good.

The crimes were charged by an affidavit, in three counts, as follows:    (1) That on June 30, 1923, appellant did unlawfully manufacture and transport intoxicating liquor; (2) on the same day did unlawfully receive intoxicating liquor from a carrier, and did unlawfully possess intoxicating liquors received from a carrier; and (3) unlawfully maintained a common nuisance, to wit: a house, etc., where intoxicating liquors were manufactured, sold, etc., and where persons were then and there permitted to visit for the purpose of drinking said intoxicating liquor as a beverage.

Appellant moved to quash each count separately, which motion was overruled.    Appellant pleaded not guilty to the offenses charged.    A jury trial resulted in a verdict of guilty as charged in counts one and two. This appeal is from the judgment upon the verdict.

Errors are predicated upon the action of the trial court in overruling:    (1) The motion to quash the affidavit; and (2) the motion for a new trial.

The motion to quash the affidavit relies upon the alleged failure of each count thereof to state facts sufficient to constitute a public offense, and the

1.    failure to state each of the separate offenses with sufficient certainty, and relies upon the proposition, with reference to both the first and second counts, that each count does not state facts which constitute a crime.    The proposition applies to the wording of the charge of a crime, where the statute does not, in defining it, state what acts constitute its violation.    It has been held that the statute upon which the first count is predicated defines the crime, and that a charge in the language of the statute is sufficient to withstand a motion to quash for the reasons given.    The crime as alleged

in count one is in the language of the statute, and is sufficient. The motion to quash was properly overruled. *Asher* v. *State* (1924), 194 Ind. 553, 142 N. E. 407.

Appellant, by his motion to quash the second count of the affidavit, says that the section of the statute upon which it rests (§15, ch. 4, Acts 1917) violates §19 of Art. 4 of the Constitution, in that this §15 is not within the subject expressed in the title of the act, and is not a matter properly connected therewith. The subject that is expressed in the title of the act is intoxicating liquor; and is restricted to manufacture, sale, gift, advertisement and transportation of such liquors. The objection has reference solely to transportation. The constitutional inhibition concerning the title is that the subject of the act shall be expressed in the title, but the act itself may embrace all matters connected therewith. It is apparent upon its face that §15 is directly in aid of prohibiting the transportation of intoxicating liquor, because such liquor will not be transported if no one will receive it. The offense defined by this section furnishes an effective means for prohibiting the transportation of intoxicating liquor; and, if so, is therefore a matter properly connected with the subject of the act. It is held that said §15 of ch. 4, Acts 1917, is concerning a matter properly connected with the subject of the act, as stated in its title; and is not in violation of Art. 4, §19 of the Constitution. The motion to quash the second count of the affidavit was properly overruled. *Alyea* v. *State* (1925), 196 Ind. 364, 147 N. E. 144; *Perrone* v. *State* (1925), 196 Ind. 384, 148 N. E. 412.

Appellant's attack upon the third count of the affidavit by his motion to quash is abandoned in his brief, and presents no question.

The motion for a new trial rests upon alleged errors, that two instructions given to the jury were erroneous,

and that the verdict is not sustained by sufficient evidence, and is contrary to law.

The first of the numbered written instructions to the jury alleged to be erroneous is: "No. 13. The court instructs you that there has been something said about cases being reversed by the Supreme Court of the State of Indiana. That may or may not be true. If it is true, that has nothing to do with this case, because this case is being tried upon its merits—this case is tried before the jury upon its merits and the evidence as given to you, and no matter what case in the past has been reversed, you are not to take that into consideration at all."

Appellant's objection to this instruction is that it is misleading, and therefore erroneous, because it withdraws from the jury the consideration of the decisions by the Supreme Court of this state. Within a few years after the present constitution was adopted, this court said, in discussing the latitude of the jury in reaching a verdict under §19 of Art. 1 of the Constitution, that the Supreme Court is the final tribunal in determining the law, as made by the Constitution and the statutes; that its decisions, though binding on the inferior courts, are not binding on the conscience of a juror, but such decisions of the Supreme Court are entitled to the highest respect from juries in the trial of criminal causes. *Keiser* v. *State* (1882), 83 Ind. 234.

By an earlier decision, this court held that, because the jury in criminal cases shall have the right to determine the law, counsel have the right to argue the questions of law to the jury. *Lynch* v. *State* (1857), 9 Ind. 541.

4-7. The law in criminal cases consists of the Constitution and the statutes, as interpreted by the Supreme Court. And, inasmuch as the trial court is bound by the law as interpreted by the Su-

preme Court, counsel could have no better basis for the law of the case than as interpreted by the decisions of such court. It does follow that the jury ought to give respectful consideration to the decisions of the Supreme Court, in its determination of the law of the case, as permitted by the Constitution, §19, *supra*. The determination of the law by the jury, is not to be construed as the right to make law. The constitutional latitude in favor of litigants in criminal cases does not extend so far. This section of the Bill of Rights is not for the benefit of juries, but for the litigants. The jury, or any member of a jury, has no litigated issues for consideration. The section has to do only with those involved—the litigants. In the use of such a great privilege, a litigant ought not to be estopped from presenting and discussing the highest holding in relation to written law, which is that made by the Supreme Court, but the privilege of the litigant goes farther, in that the jury, to do justice to the litigant, may know the best sources of the interpretation of the law, even to arrive at a conclusion which differs therefrom. The instruction might be passed as harmless, if it had advised the jury that, by the law, it might disregard the decisions of the Supreme Court. But instead, the last sentence of the instruction disregards the settled law in this state, and is vicious, in the eyes of the law, and all legal criminal procedure, by advising the jury, that the law of this state is, in criminal cases, that, "No matter what case in the past has been reversed (by the Supreme Court), you (jury) are not to take that into consideration at all." The litigant had the legal right to have the law, as determined by the Supreme Court, presented to the jury by his counsel. The instruction to the jury by the trial court that it was not the law in this case, and consequently not within the legal latitude of the jury to consider the decisions of the Supreme Court in

arriving at its verdict, is error which necessitates the reversal of the judgment. *Lesueur* v. *State* (1911), 176 Ind. 448, 95 N. E. 239.

The second of the numbered written instructions to the jury alleged to be erroneous, is: "No. 4. The court instructs you that the law is as defined in Section 35, page 31 of the Acts of the Legislature of 1917: 'Within ten days after the date when this act has become operative; every person except licensed pharmacists, wholesale druggists, manufacturing chemists or public hospitals shall remove or cause to be removed all intoxicating liquors in his possession from the state, and failure to do so shall be prima facie evidence that such liquor is kept therein for the purpose of being sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the provisions of this act: Provided, however, that this section shall not apply to alcohol kept for chemical or manufacturing purposes, or to one gallon of intoxicating liquor other than beer, or twelve quarts of beer, or all wine manufactured for his own domestic consumption kept in his own home for domestic use, held by an individual; and provided further, that any licensed pharmacist, wholesale druggist, manufacturing chemist or public hospital shall report to the clerk of the circuit court within said ten day period the kinds and amount of intoxicating liquor on hand.' The court instructs you that even if there is no penalty to this, it means as it says itself that if any person has any liquor in his possession, over a gallon of whisky, or more than twelve quarts of beer, it is prima facie on the face of it that such liquor is kept therein for the purpose of being sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the provisions of this act."

Appellant's proposition is, that, this section of the

statute has no applicability to the charge of any offense made by the affidavit which charges the offenses, for the reasons that the section defines a rule of evidence (*Ward* v. *State* [1919], 188 Ind. 606, 125 N. E. 397), and because the offenses charged are, to wit: the manufacture and transportation of intoxicating liquor, and receiving intoxicating liquor from a carrier, and with possession of intoxicating liquor received from a carrier, and for maintaining a common nuisance. The gist of the instruction is contained in its last paragraph. It is evident from its language that, as a matter of law, this part of the statute, §35, relates to that part of the original §4 of the statute, Acts 1917 p. 15, or the amendment of this section of the law, Acts 1921, ch. 250, §1, which defines it to be an offense "to keep any intoxicating liquor with intent to sell, barter, exchange, give away, furnish, or otherwise dispose of the same." It is sufficient to decide the point to observe, that this prosecution, for the offense referred to and stated in the instruction, was not an offense in this state in June, 1923, the time of the commission of the alleged offenses. The amendment of the amended §4 of the Prohibition Law, as passed in 1923 (Acts 1923, ch. 23) omitted the offense referred to by the instruction, which, before this amendment, had been an offense. The instruction therefore had no application to either the issues or the evidence. The instruction tended to define a crime which had no foundation in law. The evidence in the case, taken into consideration under this instruction, might easily have misled the jury. The giving of the instruction over objection was error. *Smith* v. *State* (1924), 194 Ind. 686, 144 N. E. 471; *Reed* v. *State* (1895), 141 Ind. 116, 122, 40 N. E. 525.

Appellant contends by his motion for a new trial that the evidence is not sufficient to sustain the verdict, from

whence it follows that the verdict is contrary to law. *Chapman* v. *State* (1901), 157 Ind. 300, 303, 61 N. E. 670. The verdict of guilty, under this attack, must be supported by competent evidence in proof of every element of the offenses charged and sustained by the verdict. The verdict is that appellant is guilty of the offenses charged in counts one and two. There is no evidence that appellant manufactured intoxicating liquor. There is no evidence that he received such liquor from a common or other carrier, or kept or possessed the same as received from a carrier. The only evidence of transportation was that given by appellant and his wife, and such transportation was more than two years prior to the date of the charge. The transportation was at a time not within the statute of limitations—two years prior to the filing of the affidavit, as contended by the appellant. Such evidence is not sufficient to sustain the verdict, and it is therefore contrary to law. It was therefore error to overrule the motion for a new trial.

Judgment reversed.