GEORGE *v.* STATE OF INDIANA.

[No. 26,591. Filed May 1, 1936. Rehearing denied
November 16, 1936.]

*Widaman & Widaman* and *L. W. Royse,* for appellant.

*Seth E. Rowdabaugh, Philip Lutz, Jr.,* Attorney-General, and *Caleb J. Lindsey,* Assistant Attorney-General, for the State.

TREMAIN, J.—The appellant was charged by affidavit of the crime of petit larceny. It is charged that he did unlawfully and feloniously take, steal, and carry away one platform binder canvas, the property of one Grimm, of the value of $5.00. He was tried before a jury and convicted.

On appeal to this court he assigns as the only error relied upon, the overruling of his motion for a new trial. However, in his brief, under "Errors Relied Upon for Reversal," he assigns one ground:

"That the Court erred in admitting in evidence and permitting the same to be read to the jury a search warrant issued by Frank Leas, a Justice of the Peace."

There is no assignment that the verdict is not sustained by sufficient evidence or is contrary to law.

After the appellant set out in his brief the one ground relied upon for reversal, he makes the following statement:

"The bill of exceptions shows that the State to sustain the issues on its part offered in evidence the search warrant and the return of the sheriff thereon, dated June 27, 1934, and to the introduction of this affidavit the appellant objected for the reason that the warrant so was issued in the exparte proceedings of which he was not a party. That the admission of this warrant was an attempt to get before the jury a statement made by the complaining witness, a whole number of facts that would not be admissible in evidence because they were hearsay and obtained as mere hearsay and statements made in proceeding to which the appellant was not a party and in his absence and that such statement so contained in said warrant the appellant was given no opportunity to cross-examine said witnesses and meet them face to face."

This is followed in the brief by a copy of the search warrant.

Following the search warrant he makes a statement in four paragraphs, each going to the question that the search warrant is not admissible in evidence for the reasons that it violates appellant's constitutional right "to meet the witnesses against him face to face"; that the facts stated in the search warrant are purely ex parte, and that the appellant was not a party to the proceedings had at the time the search warrant was issued.

He makes no objection to the sufficiency of the search warrant. He does not object upon the ground that probable cause was not shown for issuing the search warrant, or that it failed to describe the premises to be searched, or any other ground bearing upon its sufficiency. He relies wholly upon what he claims is his con-

stitutional right of meeting the witness, face to face, who made the affidavit upon which the search warrant was issued.

In presenting the question the appellant has made no reference whatever, either in his brief or in the record, to the instructions given by the court to the jury. No objection is made or error assigned upon the introduction in evidence of the platform binder canvas which was found by reason of the search warrant. This court has held many times that evidence of what is found in making the search is not admissible until the search warrant has been introduced in evidence. At the trial of this case the prosecuting attorney offered and introduced in evidence the search warrant together with the affidavit and the return of the sheriff. It was objected to in the manner above quoted.

If a part of the search warrant was admissible in evidence, under the objection here presented, all of it was admissible. In addition to this the court will presume that the trial court properly limited the use of the search warrant, the affidavit upon which it was based, and the sheriff's return by proper instructions to the jury.

The affidavit, upon which the search warrant was based, was made for the one purpose of showing probable cause for its issuance. It was not and could not be used as proof of the appellant's guilt, and was not made and executed for that purpose.

There is ample evidence in the record to warrant a conviction of the appellant, and this court, under the conditions here presented, will presume in favor of the regularity of the trial court's procedure, and that the search warrant and affidavit were properly limited by instructions. Finding no reversible error, the judgment of the lower court is affirmed.