PHILIP A. MANN *v*. STATE OF INDIANA.

[No. 1-872A49.  Filed February 15, 1973.]

*James R. White, R. Clark Allen,* of New Castle, for appellant.

*Theodore L. Sendak,* Attorney General, *Anthony J. Metz, III,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Appellant was charged by affidavit with Possession of Cannabis Sativa L. (Marijuana).  A separate hearing was held on defendant-appellant's motion to suppress and said motion was overruled.  Trial was had by jury and appellant was found guilty as charged.  Appellant timely filed his motion to correct errors which was overruled and this appeal follows.

The evidence most favorable to the State shows that in the early morning hours of December 18, 1971, a New Castle city policeman, in full uniform, observed the appellant driving a car approaching him. The policeman, who was driving a police car marked only by a spotlight, observed that the appellant's car was being driven erratically. The appellant yelled obscenities at the policeman as the two cars passed on the street after a near collision. The policeman turned around and, with spotlight and siren on, gave chase to the appellant, who drove at an excessive speed, ran a red light, made a reckless turn, and finally slid some distance before coming to a stop. The appellant got out of his car as the policeman approached it. When ordered to do so, the appellant placed his hands on top of his car in compliance with the order, but tried to jerk away several times while being frisked by the officer.

The officer smelled alcohol on the appellant's breath as he searched him. The officer found an ear plug container in the appellant's upper left hand coat pocket, which contained some seeds, an envelope in another coat pocket, and a cellophane bag of marijuana in the appellant's left rear pants pocket. Appellant was thereupon arrested on charges of illegal possession of alcohol, resisting arrest, and public intoxication. State police tests confirmed that the seeds and contents of the bag were marijuana.

Appellant devotes much discussion to events that occurred following the search and seizure in question. We find no relation between these subsequent events and the issues of this case and shall not burden this opinion unnecessarily with any discussion of said events.

Prior to final arguments the court had a discussion with defendant's counsel and the prosecuting attorney concerning whether defendant's counsel would be permitted to argue the legality of the arrest. The court took the position that the legality of arrest issue did not affect the guilt or innocence of the defendant but applied only to the admissibility of evi-

dence obtained; and since the court had already found that such evidence was admissible it was not proper to argue the arrest issue. The court informed counsel that if he argued the issue in question and the prosecuting attorney objected, the court would sustain such objection and admonish the jury to disregard that issue.

Appellant first contends that he was denied a fair trial by the trial court's admonishment of defense counsel, prior to final argument, not to raise the question of the legality of the arrest of the defendant. Appellant contends that the court's position was blatantly unfair and prejudicial to him in that counsel was limited in his final argument with respect to the law of the case.

Appellant relies on the Indiana Constitution, Article 1, § 19:

"In all criminal cases whatever, the jury shall have the right to determine the law and the facts."

In addition, case law has upheld § 19, *supra*. See, *Posey, Michael* v. *State* (1956), 234 Ind. 696, 131 N.E.2d 145; *Beavers* v. *State* (1957), 236 Ind. 549, 141 N.E.2d 118.

The appellant also relies on the case of *Trainer* v. *State* (1926), 198 Ind. 502, 154 N.E. 273, in regard to reading to the jury from law books:

"The law in criminal cases consists of the Constitution and the statutes as interpreted by the Supreme Court. And, inasmuch as the trial court is bound by the law as interpreted by the Supreme Court, counsel could have no better basis for the law of the case than as interpreted by the decisions of such court.

\* \* \*

"In the use of such a great privilege, a litigant ought not to be estopped from presenting and discussing the highest holding in relation to written law, which is that made by the Supreme Court, . . .

"The litigant had the legal right to have the law, as determined by the Supreme Court, presented to the jury by his counsel."

To further his contention, appellant also cites *Bryant* v. *State* (1933), 205 Ind. 372, 186 N.E. 322, as follows:

". . . It is not within the bounds of propriety for the court to seek to answer or minimize the effect of the argument."

The State of Indiana, appellee, in response, contends that the issue of the legality of the defendant's arrest is not proper since said issue speaks only to the admissibility of evidence, which is within the sole province of the court rather than the jury.

Appellee points out that trial courts have, to a certain extent, some control over the arguments given by counsel and such is within the discretion of the court. *Adams* v. *State* (1912), 179 Ind. 44, 99 N.E. 483.

It is the position of appellee that the legality of arrest had no bearing on whether appellant could be convicted of the crime charged and cites *Layton* v. *State* (1968), 251 Ind. 205, 240 N.E.2d 489, which held that the illegality of arrest affected only the admissibility of evidence and not the right of the State to try a defendant.

Appellee contends that the question of admissibility of evidence is for the court, not the jury, and cites *Sprague* v. *State* (1932), 203 Ind. 581, 181 N.E. 507, as follows:

". . . The court and not the jury determines the admissibility of evidence, and the foundation for the admission of secondary evidence is a matter alone for the court and not for the jury."

The State points out that appellant's counsel did, in fact, mention the legality of arrest issue during his final argument and no objection was made and no admonishment was given by the court.

With appellee's contention we must agree. The legality or illegality of the arrest in question has no bearing on the

guilt or innocence of the defendant in this case. The issue of arrest is pertinent only to the question of the admissibility of the evidence seized in the search incident to that arrest. A separate hearing, outside the presence of the jury, is held to determine the admissibility of evidence when tested by a Motion to Suppress, as was done in this case. If the court should determine that the search or arrest were illegal or unreasonable, then the evidence would not be admitted. To allow counsel to raise the issue of the legality of the arrest at trial would emasculate the earlier hearing on the Motion to Suppress and would, in effect, allow the jury to decide whether the arrest was valid and the necessary corollary issue of the admissibility of evidence. This would not be proper and we cannot agree with appellant's contention.

It is our opinion that the trial court properly warned counsel of its feelings on this matter and did not commit error in doing so.

Appellant next contends that the evidence seized from him should not have been admitted into evidence and relies on Article I, § 11 of the Constitution of the State of Indiana and the Fourth Amendment of the United States Constitution.

Appellant acknowledges that a search incident to a lawful arrest can be made without a search warrant, but contends that, in the case at bar, the search was made before any arrest or notice of arrest; that the search was unreasonable; and that the search was not incident to a lawful arrest. Appellant cites the case of *Sibron* v. *New York* (1968), 392 U.S. 40, 20 L. Ed. 2d 917, 88 S. Ct. 1889, which states:

"It is axiomatic that an incident search may not precede an arrest and serve as part of its justification.

\* \* \*

"In the case of the self-protective search for weapons, he must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous."

It is appellant's position that the policeman was not in fear of injury, had no reason to believe that the defendant was armed, and the necessary conclusion is that the officer had no reasonable basis to conduct a search.

Alternatively, appellant contends that even if a lawful arrest was made, any search made incident thereto must be within reasonable limitations. Appellant cites the case of *Paxton* v. *State* (1970), 255 Ind. 264, 263 N.E.2d 636, in support of his argument as follows:

> ". . . *the necessities of the situation at the time of the arrest* justify the warrantless intrusion, not the fact of the arrest.
>
> * * *
>
> ". . . Thus, it would clearly be unreasonable to sanction a search incident to an arrest, absent other factors, where the arresting officer had no reason to suspect he was in danger *or* where there was no probable cause to believe that there was destructible evidence relating to the crime within the suspect's immediate control." (Their emphasis.)

The State contends that the evidence clearly shows that a lawful arrest was made in this case. The fact that the defendant was not told he was "under arrest" before the search is not determinative. The State points out that the arrest was, in fact, made when the defendant was restrained by the officer. Ind. Ann. Stat. §§ 9-1004, 9-1005 (Burns 1965 Repl.) ; *Dillon* v. *State* (1971), 257 Ind. 514, 275 N.E.2d 312.

It is the State's position that the only real issue is whether the search was reasonable in scope under the circumstances. The State argues that appellant tried to jerk away from the policeman several times and shouted at him. The officer testified that the search was made for the officer's protection. The State contends that under *Paxton, supra,* this conduct was sufficient to warrant the ensuing search and the evidence seized was properly admitted.

It is our opinion that the evidence in question was properly admitted. The record discloses that the arresting policeman

had probable cause to stop the appellant and arrest him for reckless driving. The arrest was valid. The issue to be decided is whether the subsequent search was reasonable. We cannot agree with appellant's contention that no search can be made before a formal arrest.

Our Supreme Court, in the case of *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133, stated:

> "The making of a formal arrest is not determinative of the officers' right to conduct a valid search incident to arrest."

In *Paxton, supra,* the court stated:

> "The above, however, is not dispositive on the question of the validity of the search. Assuming that Officer Bishop saw Paxton driving in a manner reasonably thought by Bishop to be a violation of the reckless driving statute, he had sufficient reason to make arrest. *The mere fact that he subsequently failed to effect same in no way impinges upon his right at the time of the arrest to make a valid search incident thereto. If Officer Bishop had probable cause to arrest Paxton on a reckless driving charge, that alone in our view would be determinative of his right to conduct the search.*" (Our emphasis.)

Here, the arrest was effected when the defendant was restrained by the officer. This action precludes the argument that no lawful arrest was made before the search which followed. The fact that the arrest was not for the crime upon which the defendant was convicted herein and from which this appeal derives its basis is not determinative, since evidence obtained by a search after a lawful arrest is admissible for another offense other than the one for which the arrest was made. See *Patterson* v. *State* (1970), 253 Ind. 499, 255 N.E.2d 520.

Our Supreme Court spoke to the question of reasonable searches in *Paxton, supra,* as follows:

> "Clearly, the reasonableness of a warrantless search incident to an arrest in terms of both its initiation and scope must

be determined from the inherent necessities of the circumstances surrounding the arrest.

\* \* \*

"... *The reasonableness of a search, incident to that arrest, both in terms of its initiation and scope, however, depended entirely upon the facts and exigent circumstances, then existing.* ..." (Their emphasis.)

Justice Stewart of the United States Supreme Court, in the landmark case of *Chimel* v. *California* (1969), 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685, analyzed the principle of search incident to arrest as follows:

"... When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. ..."

In the case of *Terry* v. *State of Ohio* (1968), 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889, the court stated:

"... The scope of the search must be 'strictly tied to and justified by' the circumstances which rendered its initiation permissible. ...

\* \* \*

"And in justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion. ... it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?

\* \* \*

"... The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger ... And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not

to his inchoate and unparticularized suspicion or 'hunch' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience. . . ."

In the case at bar, the arresting officer was faced with a situation which justified the search in question. The defendant had been driving erratically and shouted obscenities at the officer. When told to face the car the defendant yelled and shouted and made several attempts to jerk away from the officer. The officer smelled alcohol on the defendant's breath. At the same time the passenger in the defendant's car was yelling, stomping his feet, and tried to start the defendant's car. In our opinion, the facts show that the officer was faced with a potentially dangerous situation and was justified in making the search as he testified, "For my own protection."

The trial court, in our opinion, properly admitted the evidence seized by the officer in the search conducted incident to the lawful arrest. For the reasons stated above the verdict was not contrary to law.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.