JANET ROBERTS *v.* STATE OF INDIANA.

[No. 2-374A58. Filed June 4, 1975. Rehearing denied July 8, 1975.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

PER CURIAM—Appellant-defendant Janet Roberts (Roberts) was convicted of possession of heroin,[1] possession of cocaine,[2] and possession of injection equipment.[3] The sole issue preserved for appeal is whether the trial court erred in admitting in evidence a duplicate original search warrant.

---

1. Acts 1935, Ch. 280 § 2 (repealed 1973).
2. Acts 1935, Ch. 280 § 2 (repealed 1973).
3. Acts 1935, Ch. 280, § 2, *as amended,* Acts 1971, Ch. 90 § 2(c) (repealed 1973).

We affirm.

On the strength of information provided by a reliable informant, an Indianapolis Police Department narcotics detective sought and obtained a warrant authorizing the search of Roberts' residence for illegal narcotics. Pursuant to a search based upon the warrant, detectives seized quantities of heroin and cocaine as well as injection equipment, a .32 caliber revolver and three hundred seventy-six dollars ($376.00) in cash.

Prior to trial, Roberts unsuccessfully challenged the sufficiency of the search warrant. At trial, she objected to any testimony concerning the search until the State introduced the warrant in evidence. When the State attempted to introduce the actual warrant served by the detectives, Roberts unsuccessfully objected on the ground that the warrant was only a copy and the State had not accounted for the original.

The warrant introduced over Roberts' objection appears to be a duplicate original, i.e., a carbon copy. It bears the official file stamp of the court clerk as well as the original signatures of the affiant detective and issuing judge.

Roberts contends that before the State was entitled to introduce the testimony of the detectives who searched her residence under the pretext of a search warrant, a valid warrant must have been introduced in evidence. Roberts argues that in the absence of an accounting for the original, the "copy" introduced did not suffice to prove the existence of a valid search warrant. Therefore, it was improper to admit testimony regarding the fruits of the search.

Where it appears at trial the discovery and seizure of evidence is attempted to be justified by the possession of a search warrant, the validity of such warrant must be established by the introduction of the warrant itself or by proof of its contents. *Mata* v. *State* (1932), 203 Ind. 291, 179 N.E. 916; *George* v. *State* (1936), 210 Ind. 592, 1 N.E.2d 583. Roberts' argument, however,

becomes untenable when viewed in light of the well established principle that signed carbon copies of documents are to be regarded as duplicate originals, any of which may be received in evidence without accounting for the original. *Oberlin* v. *Pyle* (1943), 114 Ind. App. 21, 49 N.E.2d 970; *Massachusetts Bonding & Ins. Co.* v. *State ex rel. Summers* (1925), 82 Ind. App. 377, 149 N.E. 377. The validity of the detectives' search was established by the introduction of the duplicate original search warrant.

Judgment affirmed.

NOTE.—Reported at 328 N.E.2d 429.