FRED HARDIN *v.* STATE OF INDIANA.

[No. 975S243. Filed August 19, 1976. Rehearing denied October 14, 1976.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

DEBRULER, J.—Appellant was charged, tried by court, and convicted of possession of heroin. Ind. Code § 35-24.1-4-1(c) (amended by Acts 1974 and Acts 1975). He received a determinate sentence of eleven years and he appeals.

Appellant claims that the trial court committed error in permitting the prosecution to introduce over objection, an affidavit for search warrant and a search warrant. He also claims that the trial court acted without jurisdiction in imposing upon him a sentence which exceeds ten years.

On January 24, 1974, Officers Davidson and Harden conducted a search of appellant's apartment for illegal drugs, pursuant to a search warrant issued that same day. They found a foil packet on the floor, field-tested its contents, found a positive reaction for opium derivative and placed appellant under arrest. A laboratory technician testified at trial that he tested the specimen from the foil packet and that it weighed .123 grams and was heroin, a derivative of opium.

During the trial, when the prosecution offered State's exhibits 1 and 2, an affidavit and a search warrant for appellant's premises, the defense objected:

> "Mr. Ward: To which we'd object to both exhibits Your Honor, for the reason he's testified they are copies, there's been no explanation of the originals, and for the reason he's not the custodian of them."

In his brief, appellant presents the contention that the affidavit and search warrant were inadmissible because they

were not the originals and the failure to produce the originals was not explained by the State. He also posits that they were inadmissible because not produced by their lawful custodian, namely, the clerk of court. As a final result of such inadmissibility, the search of appellant's apartment and the seizure of the heroin was not shown to have been made pursuant to a valid warrant and therefore the heroin itself was erroneously admitted in evidence.

Both the affidavit and the warrant are made upon a printed form. The blanks of the form have been filled in on a typewriter. The typewritten matter on the challenged exhibits is an actual carbon copy of the original typewritten matter. Actual handwritten signatures of the maker of the affidavit, Officer Davidson and the issuing magistrate, Judge Boring, appear on them. The affidavit was subscribed and sworn to before Judge Boring. Affixed to each is the file stamp of the clerk of the court. Officer Davidson testified that the exhibited affidavit was executed by him before Judge Boring and that the exhibited search warrant was then executed by Judge Boring, and that the search warrant was read to appellant at the commencement of the search of the apartment.

These exhibits qualify as duplicate originals and are admissible on the same basis as the originals. *Johnson* v. *State,* (1975) Ind. App., 333 N.E.2d 307; *Roberts* v. *State,* (1975) Ind. App., 328 N.E.2d 429. The requirement erected by *Mata* v. *State,* (1937) 203 Ind. 291, 179 N.E. 916, that the search warrant under which a search and seizure was made be introduced in evidence as a condition of introducing items seized under authority of it, is satisfied, and consequently there is no need to explain the absence at trial of the original typewritten documents.

Appellant is certainly correct in asserting that the clerk of court is the lawful custodian of these exhibits, and that the testimony of the clerk that such documents were in his custody, would serve to authenticate them. But the testimony of Officer Davison serves as well for this purpose. He was present and signed the affidavit and obtained Judge Boring's

signature and the determination of probable cause. He then took the warrant and executed it. This testimony in conjunction with the file-stamp of the clerk, directly and persuasively establishes the exhibits as official and authentic court writings. The challenged exhibits were properly admitted.

Appellant's claim that he should not have received a sentence in excess of ten years is based upon the contention that the court's augmentation of sentence was not supported by allegation and proof of a prior drug related conviction. We do not reach the merits of this argument, as there is clear error on the record requiring that we grant the identical relief sought by appellant on another ground.

In this case the information charging appellant with unlawful possession of heroin was filed in court on January 25, 1974. It charged appellant with unlawful possession of heroin and the active part thereof provided that:

"FRED W. HARDIN on or about 24th day of January, A.D. 1974, at and in the County of Marion in the State of Indiana, did then and there unlawfully and feloniously have in his possession a Controlled Substance, to-wit: Heroin, a derivative of Opium, and was not authorized by any law of the United States of America or the State of Indiana to have such Controlled Substance in his possession. . . ."

This charge was based upon a violation of the Indiana Controlled Substances Act. On January 24, 1974, the date of the alleged offense, that Act was in effect and provided in Acts 1973, P.L. 335, § 1, p. 1858, codified at Ind. Code § 35-24.1-4-1(c) (Repealed April 29, 1975.) in pertinent part as follows:

"It is unlawful for any person knowingly or intentionally to possess a controlled substance. . . . Any person who violates any provision of this subsection is guilty of a felony and upon conviction shall be imprisoned in the state prison for any determinate period of not less than two (2) years, nor more than ten (10) years and fined not more than one thousand dollars ($1000)."

Section 8 of chapter 4 provided:

"Second and Subsequent Offenses.

(a) Any person convicted of a second or subsequent offense under this article for which a second offense penalty has not previously been set out shall be imprisoned for a term up to twice the term otherwise authorized, and fined an amount up to twice that otherwise authorized.

(b) For the purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marijuana, depressant, stimulant or hallucinogenic drugs.

(c) *This section does not apply to offenses under chapter 4, section 1 (c)*." (Emphasis added.)

These were the operative statutory provisions in effect on January 24, 1974, the date of this offense and appellant should have been sentenced in accordance with them, but was not. Under these provisions the trial judge could not assess more than a flat ten years for simple possession of heroin, even where, as here, the sentence to be imposed may be for a second offense under the Act. Apparently, the trial court erroneously assessed a determinate eleven year sentence in reliance upon amendments to the Controlled Substances Act which became effective on April 1, 1974,[1] after the date of this offense and even after appellant was arrested and charged. To have assessed an increased penalty provided for in those amendments for appellant's criminal conduct occurring prior to the effective day of them would be to violate the proscription of Art. 1, § 24 of the Indiana Constitution that "no ex post facto law . . . shall ever be passed." *Davis* v. *State,* (1898) 152 Ind. 34, 51 N.E. 928; *McTate* v. *State,* (1971) 256 Ind. 55, 267 N.E.2d 76; *Craigo* v. *State ex rel. VanNatta,* (1975) Ind. App., 322 N.E.2d 400. Upon the basis of this clear error appearing on the record, we remand to the trial court with instructions to resentence the appellant

---

1. A 1974 amendment to the Controlled Substances Act repealed Ind. Code § 35-24.1-4-3(c) which may have had the effect of authorizing the judge to assess a determinate sentence for second offense possession of heroin of up to twice that permitted for a first offense, i.e., twenty years.

in accordance with the Ind. Code § 35-24.1-4-1(c), set out above.

Givan, C.J., Arterburn, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 353 N.E.2d 462.