ERNEST CLARK v. STATE OF INDIANA

[No. 2-176A31. Filed August 28, 1978. Rehearing denied September 29, 1978. Transfer denied December 19, 1978.]

*Richard L. Milan, Craven & Milan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, for appellee.

SHIELDS, J.— Clark was tried by a jury and convicted of theft, to wit, receiving stolen property. IC 35-17-5-3(1)(f), (2)(a) (Burns Code Ed. 1975). His appeal presents two issues for review: (1) whether the trial judge erred in admitting the probable cause affidavit and search warrant into evidence;[1] and (2) whether the evidence is sufficient to sustain his conviction. We affirm.

According to the evidence most favorable to the State, Clifford Phillips stole a starterator generator from Motor Fleet Service, Inc. on January 4, 1974. Phillips took the generator directly to Clark's place of business and offered to sell it for $100 in cash. Since Clark did not have the cash, Phillips agreed to accept drugs as payment instead. In exchange for the generator Clark gave Phillips a teaspoon (or less) of heroin. The police recovered the stolen property several months later while executing a search warrant at Clark's place of business.

I

Clark objects to the admission of the probable cause affidavit and the search warrant[2] for two reasons. He argues that these documents were immaterial because his counsel made no objection to any of the State's testimony regarding the search, and that the documents contained matter which prejudiced his case. As with many probable cause affidavits, the one at bar contained information which was clearly prejudicial: references to Clark's involvement in drug traffic and to a

---

1. Appellant further alleges that the trial court erred in denying his motion for mistrial and motion in limine. Our discussion regarding the probable cause affidavit and the search warrant disposes of Appellant's argument with respect to these two motions.

2. The form of the search warrant, following that set out in IC 35-1-6-3 (Burns Code Ed. 1975), incorporated the probable cause affidavit within the body of the warrant.

homicide that occurred at his premises while he was engaged in a drug transaction.

Older Indiana cases have held that the search warrant along with the probable cause affidavit are admissible into evidence. *Mata v. State* (1932), 203 Ind. 291, 179 N.E. 916; *George v. State* (1936), 210 Ind. 592, 1 N.E.2d 583. *Mata* appears to hold further that the search warrant *must* be introduced into evidence whenever the State seeks to introduce items discovered and seized under a search warrant. *Cf., Taylor v. State* (1926), 198 Ind. 427, 154 N.E. 5.

We question, however, the continued viability of this procedure.[3] See, *Satterfield v. State* (1930), 47 Okla. Crim. 418, 288 P. 994. The case law from which it is derived had special application during Prohibition. In both *Mata* and *George* the defendant was being tried for unlawful possession of intoxicating liquor. During Prohibition liquor and stills seized by officers acting under an *invalid* search warrant did not have to be returned to the owner, although the illegally obtained evidence could not be used against him in a criminal prosecution for possession of intoxicating liquor. See, *Callender v. State* (1922), 193 Ind. 91, 138 N.E. 817. Requiring the prosecution to introduce the search warrant in order to make a prima facie showing that the evidence was secured lawfully was one way of affording protection against over-zealous enforcement of the Prohibition laws.

Indiana law since then has made it clear that the probable cause affidavit and search warrant have no bearing on any issue before the jury.[4] These documents pertain only to the admissibility of evidence obtained under the warrant and that determination is a matter for the court, not the jury. Whenever the admissibility of

---

3. Although recent opinions from the Supreme Court and Court of Appeals have referred to the *Mata* requirement, neither case actually had occasion to reconsider the appropriateness of the procedure. *Hardin v. State* (1976), 265 Ind. 179, 353 N.E.2d 462, 463; *Roberts v. State* (1975), 164 Ind. App. 354, 328 N.E.2d 429, 430.

4. As the Indiana Supreme Court acknowledged in *George v. State* (1936), 210 Ind. 592, 594, 1 N.E.2d 583, the probable cause affidavit cannot be used as proof of defendant's guilt. See, also, *Mann v. State* (1973), 155 Ind. App. 261, 292 N.E.2d 635 (defense counsel was promptly admonished not to raise question of legality of defendant's arrest in final argument to the jury).

evidence secured under a search warrant is challenged,[5] the issue is presented before the trial court outside the jury's presence. There is no reason for the trier of fact to view the probable cause affidavit or search warrant, particularly since these documents often contain statements highly prejudicial to the defendant.

Although we conclude that the proper procedure in the case at bar would have been to withhold the probable cause affidavit and search warrant from the jury, we nevertheless cannot say that the trial court committed reversible error. In admitting the documents, the trial court carefully admonished the jurors to disregard any prejudicial matter and to consider the exhibits only for the purpose of showing that the search was conducted under lawful authority:

> Ladies and gentlemen of the Jury, I advise you that State's Exhibit 8 and 9 were introduced into evidence solely to show you the authority by which the officers went to the address in question and conducted any kind of search and/or seizure. It is for that limited purpose, only that State's Exhibit 8 and 9 are introduced into evidence. You are, therefore, admonished by this Court that you will disregard entirely the information contained in the bodies of State's Exhibits 8 and 9. They will enter into no part of your deliberation on the issues of the case before this Court.

Under ordinary circumstances, an admonishment is deemed sufficient to overcome any prejudice. *Flewallen v. State* (1977), 267 Ind. 90, 368 N.E.2d 239. See also, *Stacks v. State* (1978), 175 Ind. App. 525, 372 N.E.2d 1201, 1209-10. The case cited by Clark is not controlling. The admonishment in *Monserrate v. State* (1971), 256 Ind. 623, 271 N.E.2d 420, was insufficient because the evidence erroneously admitted was an incriminating statement made by appellant's co-defendant, which confession was a major component of the State's case-in-chief. See, *Dillard v. State* (1971), 257 Ind. 282, 274 N.E.2d 387.

## II

In his challenge to the sufficiency of the evidence,[6] Clark argues that

---

5.  The challenge may be made either before or at trial by a motion to suppress or at trial by a timely objection or moton to strike. *Candler v. State* (1977), 266 Ind. 440, 363 N.E.2d 1233; *Riddle v. State* (1971), 257 Ind. 501, 275 N.E.2d 788. But see, *Dickson v. State* (1976), 265 Ind. 325, 354 N.E.2d 157.

6.  To sustain a conviction under IC 35-17-5-3 (receiving stolen property), the evidence

he never had the requisite control over the stolen property. Clark admits ownership of the premises but claims the garage area, where the generator was found, had been leased to Clifford Phillips. The record, however, discloses that Clark purchased the starterator generator from the original theif and this evidence alone is sufficient to establish the requisite control. See, IC 35-17-5-13(10) (Burns Code Ed. 1975).

The evidence of record also permits the inference that Clark knew he was purchasing stolen property. Not only did he trade contraband for the item, but there was a large disparity between the value of the stolen item and the contraband. The starterator generator was a heavy piece of equipment and at the time was worth substantially more than the heroin which Clark gave Phillips in lieu of the $100 cash payment. The President of Motor Fleet Service, Inc. testified that he purchased the generator for $1,188 on July 2, 1973. He further testified that the generator, while in the company's possession, had not been damaged and had been in service for only a short time. He estimated that it was still worth its original price when discovered missing on January 4, 1974. It also appears from the record that Clark was acquainted with Phillips and had "heard him referred to as [a thief]." Knowledge that the property was stolen may be inferred from these circumstances. *Fletcher v. State* (1961), 241 Ind. 409, 172 N.E.2d 853. *Cf., Cochran v. State* (1970), 255 Ind. 374, 265 N.E.2d 19 (per DeBruler, J., with one judge concurring and one judge concurring in the result).

We therefore affirm Clark's conviction.

Buchanan, C.J. concurs.

Sullivan, J. concurs.

NOTE—Reported at 379 N.E.2d 987.

---

must establish that the defendant (1) knowingly obtained control (2) over stolen property, (3) knowing the property to have been stolen by another, (4) with the intent to deprive the owner of the use and benefit of such property. *Sacks v. State* (1973) 157 Ind. App. 407, 300 N.E.2d 356. At most appellant has presented an argument with respect to elements (1) and (3).