**Leroy HUBBARD, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 481S101.**

Supreme Court of Indiana.

July 19, 1982.

Richard L. Swartz, Wabash, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant, Leroy Hubbard, was convicted in a jury trial of Battery, Ind.Code § 35–42–2–1 (Burns Repl.1979), in the Wabash Circuit Court on September 30, 1980. The following day appellant was found to be an habitual offender. Appellant was sentenced to eight years imprisonment for the battery; he was given an additional thirty years for the finding of habitual offender.

Appellant raises five errors on appeal, concerning: 1) whether the trial court erred in giving an instruction on accessory liability; 2) whether there was proper authentication of documents admitted into evidence; 3) whether the trial court erred in refusing to grant a mistrial based on alleged prosecutorial misconduct; 4) whether there was sufficient evidence to sustain the conviction of battery; and 5) whether it was error to amend the information for habitual offender immediately prior to trial.

The evidence revealed that on the evening of February 14, 1978, appellant and his brother, Teddy Hubbard, entered a tavern in Wabash. Because both men were intoxicated, the owners refused to serve them. Appellant and his brother became angry over this refusal and started a fight. One of the owners, Charles Bever, was severely injured during the fight and required surgery.

## I

Appellant claims that the trial court erred in giving final instruction 2 which reads as follows:

"A person is responsible for the conduct of another person when, either before or during the commission of an offense, he knowingly aids, induces or causes the other person to commit an offense.

If you find from all the evidence in the case that a battery was committed by some person; and if you further find that Leroy Hubbard knowingly aided, induced, or caused the other person to commit the battery, then you may find Leroy Hubbard guilty of battery as though he himself committed it."

Appellant claims that since the indictment charged him as a principal, it was, therefore, error for the trial court to inform the jury that he could be found guilty of the offense even if they should find that it was not he, but his brother, who had actually dealt the blow. This issue has already been decided by this court contrary to appellant's position. One may be charged as a principal and convicted on evidence that he aided in the commission of the crime. *Lawson v. State*, (1980) Ind., 412 N.E.2d 759, 763; *Abrams v. State*, (1980) Ind., 403 N.E.2d 345, 347. Instructions on an accused's liability as an accessory are proper where the accused is charged as a principal, assuming the evidence supports such instructions. *Abrams v. State, supra; Doss v. State*, (1971) 256 Ind. 174, 181, 267 N.E.2d 385, 389. This issue is without merit.

## II

State's Exhibits 1 through 4, records of appellant's unrelated felony convictions, were offered by the State to support the habitual offender charge. Two of the exhibits had a certification signed by the Clerk of the Wabash Circuit Court and the other two had a certification signed by a deputy clerk. The clerk, Jean Gilbert, testified to her certification and also testified that her deputy certified two records; she further stated that the records were in her custody. Appellant contends that the certifications by the deputy clerk were invalid and should not have been admitted into evidence.

All of these exhibits were properly admitted. The applicable statute, Ind.Code § 34–1–17–7 (Burns 1973), provides for the exemplification of public records by the attestation of the keeper of the records. Ind.R.Tr.P. 44(A)(1) provides for the admission of exhibits such as this when attested to by the officer having legal custody of the record or by his deputy. The deputy, as well as the clerk, is a legal custodian of the public documents for purposes of this statute and trial rule. *Johnson v. State*, (1977) 267 Ind. 256, 369 N.E.2d 623, *cert. denied*

(1978) 436 U.S. 948, 98 S.Ct. 2855, 56 L.Ed.2d 791. Because the clerk is the lawful custodian of the records, her testimony that the records were in her control would serve to authenticate them. *Hardin v. State*, (1976) 265 Ind. 179, 353 N.E.2d 462. There is no trial court error here.

### III

Appellant contends that the trial court should have granted a mistrial during the State's rebuttal argument because a remark by the prosecutor was too prejudicial to be cured by admonishment. During final argument in the habitual offender phase of the trial, defense counsel attempted to convince the jury that it would be improper to find appellant to be an habitual criminal and give an additional thirty year sentence to one so young. He discussed with the jury his opinion of the type of person the statute was contemplated to remove from society and suggested one who, for instance, is forty-eight years old and has a long criminal record, has spent most of his adult life in criminal activity and has become a hardened criminal whose profession is crime and therefore requires society to take him off the streets before he commits more crime. He suggested that the defendant is not such a person because his prior crimes were minor ones compared to other crimes. In rebuttal, the prosecutor stated: "Ladies and gentlemen I totally disagree with Mr. Swartz's characterization of this person as not being a person that has devoted his life to crime. I've been an attorney for seven years and I've known him ever since I've been an attorney, his life is dedicated to crime and I don't believe . . . ."

■ Appellant objected and moved for a mistrial. The trial court stated it did not think the remark merited a mistrial. The court told the jury that lawyers are prone to argue and that their argument is not evidence. The jurors were told to disregard matters other than the evidence they had heard in reaching a verdict. The trial court properly handled this situation. Both attorneys were arguing the theories of their client's positions and the court admonished

the jury to ignore these arguments. While the remarks of the prosecutor were improper, they cannot be deemed to have placed the appellant in a "position of grave peril", *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843. Furthermore, motions for mistrial are addressed to the court's discretion and are reviewable only for an abuse of that discretion. We find no such abuse here. *Harris v. State*, (1979) Ind., 396 N.E.2d 674, 675.

### IV

At the close of the State's evidence, appellant moved for a judgment on the evidence, but the trial court denied the motion. The appellant then presented his defense. On appeal, the appellant argues that there was not sufficient evidence to sustain a conviction for battery. Specifically, he says that there was no direct evidence from anyone that he stabbed Charles Bever.

■ Some of the evidence in this case is circumstantial. However, we apply the same standard of review to this case as we do all cases. This Court will neither reweigh the evidence nor judge the credibility of witnesses because to do so would usurp the jury's functions. We will determine only whether there is substantial evidence of probative value from which the jury could reasonably find the defendant guilty beyond a reasonable doubt. *Sanders v. State*, (1981) Ind., 428 N.E.2d 23, 25; *Love v. State*, (1979) Ind., 393 N.E.2d 178, 180.

■ The record reveals that Charles Bever was injured during a fight instigated by appellant and appellant's brother, Teddy Hubbard. The Hubbards became upset when they were told by Bever's wife that they could not be served alcohol. Appellant grabbed a customer, Dave McCombs, and started beating him. Mr. Bever tried to break up the fight and eventually was fighting both appellant and Teddy. At a point when Teddy Hubbard was lying on the floor and appellant was fighting with Mr. Bever, it was discovered that Mr. Bever was cut in the abdomen and was seriously wounded. No one actually saw the blow

struck and appellant claims that it could have been his brother or himself who stabbed Mr. Bever. Therefore, appellant claims that there was not sufficient evidence that he was the one who did, in fact, strike the blow that caused Mr. Bever's injury. His argument fails on two grounds. First, witnesses testified that the injury was apparent at the time Charles Bever and appellant were fighting. This, together with all the other facts and circumstances, raised inferences from which the jury could reasonably find that appellant was, in fact, the one who struck the blow. Second, as we have indicated in Issue I above, one can be found guilty of a felony if he aids or abets another in committing the offense. Here, appellant, with his brother, committed the assault from which the blow resulted. There was sufficient evidence to find appellant guilty of battery, a class C felony.

### V

 Four days prior to trial, on September 26, 1980, the State amended its information for habitual offender by changing the date of one of the convictions. The appellant moved to dismiss the count of habitual offender since the amendment had come too late to allow him to prepare to defend against the late amendment. This Court faced the same situation in *Norris v. State*, (1979) Ind., 394 N.E.2d 144. We found in *Norris* that the change did not prejudice the appellant's rights or defense since the date of the conviction as shown in the information was not relevant to a material issue. *Id.* 394 at 148. The same is true here. The particular conviction was not changed, only the date on which it was alleged that appellant had been convicted. Motion to dismiss was not the proper response. If the appellant needed more time to investigate or prepare his defense based on the amendment, he should have moved for a continuance. Apparently he did not do so. As we stated in *Norris*, however, the change was not so relevant to a material issue that the appellant was prejudiced by it and the court properly denied the motion to dismiss.

Finding no error, we affirm the trial court.

All Justices concur.