## O. S. SATTERFIELD v. STATE.

No. A-7270. Opinion Filed May 31, 1930.
(288 Pac. 994.)

Ralls & Ralls, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Atoka county of the crime of having unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $50 and confinement in the county jail for a period of 30 days.

The evidence of the state was that the defendant had a place on the public highway at Reynolds in Atoka county where he sold lunches and sandwiches, and where the public in general would congregate; that the officers with a search warrant searched the defendant's premises and found 2 cases of beer 81 steps from where defendant lived, 16 gallons of beer 41 steps from where defendant lived, 10 or 12 bottles of beer in the ice box in the house, and a half pint of whisky in the room where the restaurant was operating; that this place was a place of public resort and had the reputation of being a place where intoxicating liquors were sold.

The defendant, testifying, denied that he knew anything about any of the beer except what was found in the ice box, and that he had this beer and the whisky for his own personal use. On cross-examination, he admitted that he had been convicted of violating the prohibition

laws of Oklahoma. At the close of the state's evidence, the defendant moved the court to suppress the evidence for the reason that the state had not introduced any affidavit and search warrant to show their authority to search the premises of the defendant and it had not been shown that the defendant consented to the search. The defendant contends that the trial court erred in permitting the state to introduce testimony to show what was found in defendant's house and restaurant without first having offered a search warrant to justify the search.

In the case of Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785, this court said:

"The burden of proving the invalidity of the search rested on the defendant and not on the state." Winger v. State, 43 Okla. Cr. 140, 277 Pac. 947.

In the case of Ford v. State, 45 Okla. Cr. 161, 282 Pac. 370, this court said:

"The proper procedure is for the defendant to file a motion to suppress the evidence or object to the introduction of the evidence at the time the same is offered, upon the ground that there was no affidavit or search warrant, or that the affidavit or the search warrant is illegal or insufficient. The court then should hear the objections out of the presence and hearing of the jury. The burden rests upon the defendant, where he attacks the sufficiency of the affidavit for the search warrant, to exhibit the same to the court in support of his objections, and the court upon an examination of the affidavit and the warrant must summarily determine the sufficiency of the affidavit and the warrant and the admissibility of the evidence. The presumption of law is that the affidavit and the warrant are sufficient and the search and seizure legal. If the defendant desires to attack the affidavit or the warrant he should subpoena the magistrate issuing the same to appear and produce the affidavit and warrant upon which the search was made. If they cannot be pro-

duced, defendant may offer secondary evidence of their contents."

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being insufficient to require a reversal, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.