Ralph BURGESS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15642.

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1971.

Harry G. Foreman, Norman, for plaintiff in error.

Larry Derryberry, Atty. Gen., James L. Gullett, Asst. Atty. Gen., for defendant in error.

MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, Ralph Burgess, hereinafter referred to as defendant, was con-

victed by jury verdict of Grand Larceny, After Former Conviction of a Felony, in the District Court of Cleveland County, Case No. CRF–69–175, with punishment fixed at eight years imprisonment. Judgment and sentence was imposed on October 6, 1969, and this appeal perfected therefrom.

The evidence establishes that on July 28, 1969, Troy Denton and Haskell Roy Settle were working at an oil drilling rig located in the northeast part of Cleveland County when the defendant, in the company of two other people, Leroy Hinkle and Mary Jan Hinkle, husband and wife, arrived at the site of the rig in an automobile. Defendant got out of the car and went into the lower rig "doghouse" where rig employees changed clothes and in which was located the clothes and other property of Denton and Settle. Defendant then went to the upper "doghouse" and talked to one Troy Wenninger. In a conversation with Denton, the defendant made inquiry concerning the price of some old bits and whether he could obtain them. After the defendant and the Hinkles left, it was discovered that the billfolds belonging to Settle and Denton were missing from the lower "doghouse." The car in which the defendant was riding was pursued and overcome somewhat over a quarter of a mile from the rig. The parties therein were detained and the Oklahoma City Police were called and arrived some thirty or forty minutes later. One of the billfolds was located about one hundred yards south of the automobile, the money having removed therefrom. The other billfold was discovered approximately thirty feet west of the automobile, the money having been removed therefrom. The other billfold was discovered approximately thirty feet west of the automobile. All three of the persons in the of the defendant, and a $10.00 bill and seven $1.00 bills were found in the possession of Mrs. Hinkle. Denton testified he had two $10.00 bills and either two or three $1.00 bills in his billfold before it was taken.

Mary Jane Hinkle testified for the State. As a State's witness she stated that she and her husband and the defendant did go to the rig; that the two men got out of the car and after they returned to the automobile they drove down the road and the defendant handed her some money which she put in her billfold; that this was approximately a mile from the rig. She stated further that the defendant was driving the automobile and that the money given to her consisted of a $10.00 bill and some $1.-00 bills; he had in his possession two billfolds and she saw the defendant throw the billfolds out the car window.

■ It is defendant's first contention that Mrs. Hinkle was an accomplice and that her testimony was not corroborated which will not support conviction. Title 22, O.S.1961, § 742 provides:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

■■ Nevertheless, assuming that Mr. Hinkle was an accomplice, we find that other irrefuted evidence positively connects defendant with the commission of the offense. Witnesses other than Mrs. Hinkle saw defendant in the doghouse just before the billfolds were noticed to be missing. The witnesses chased defendant's car and detained it. Other witnesses then located the empty billfold near the car. Finally, money in the same denominations as that taken were found in Mrs. Hinkle's purse and on defendant. All these independent facts corroborate Mrs. Hinkle's testimony and connect defendant with commission of the offense within the meaning of Section 742. The evidence corroborating an accomplice and connecting defendant with the commission of the offense may be circumstantial only. Calhoun v. State, Okl.Cr., 406 P.2d 701. Furthermore, an accomplice need not

be corroborated on every point. Eaton v. State, Okl.Cr., 404 P.2d 50.

■ It is defendant's second contention that the instructions were ambiguous and tended to mislead the jury. Defendant notes that Instruction Number One which reiterates the charge of the information alleges defendant took approximately $32.00 from the two billfolds belonging to Denton and Settle, while Instruction Number Six stated that the jury should find defendant guilty if among other things it found he took more than $20.00 from Denton. It appears on defendant's motion the state elected the larceny from Denton rather than both victims.

We do not find the instructions in substantial conflict, nor misleading to the degree of fundamental error. Instruction Number One was merely the charge. Furthermore, we find defendant did not offer clarifying instructions nor object to the instructions given. In Ellington v. State, Okl.Cr., 462 P.2d 322, it was held:

"This Court has consistently held that where counsel for an accused sits by and offers no objection to the court's instructions, requests no instructions, and does not present the question to the trial court at time of trial or raise the issue in the motion for new trial, it will not be considered on appeal; where examination of the entire record shows that there was not a miscarriage of justice, nor did it constitute a substantial violation of a constitutional or statutory right."

In Murphy v. State, 79 Okl.Cr. 31, 151 P. 2d 69, it was held:

"All of the instructions given by the court should be considered and where they fairly and fully present the issues involved, and no fundamental error occurs whereby the defendant has been prejudiced or deprived of a substantial right the case will not be reversed on appeal."

We find that all the instructions considered together fairly presented the issues involved and that there was no substantial ambiguity or mis-statement of the law or the case rising to the degree of fundamental error.

The judgment and sentence is accordingly affirmed.

BUSSEY, P. J., and BRETT, J., concur.