**Edward Lee SIMON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–193.**

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1973.

1162

Lampkin & Wolfe, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Jim Peck, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Edward Lee Simon, hereinafter referred to as defendant, was charged with the crime of unlawful possession of marijuana with intent to distribute, tried, and convicted in the District Court, Oklahoma County, Case No. CRF–72–2605, for the crime of unlawful possession of marijuana in violation of 63 O.S. 2–402(b–2). He was sentenced to serve a term of six (6) months in the county jail in accordance with the verdict of the jury and a timely appeal has been perfected to this Court.

Briefly stated the facts are: after the jury was empaneled at the trial of the case, the defendant requested an in-camera hearing. That request was granted by the court. The jury was excused and a hearing was had on the defendant's motion to suppress the evidence.

Officer Danny Cochran of the Oklahoma City Police Department, was the sole witness to testify at the hearing. He stated that on the 30th day of October, 1972, he received information from a confidential informant that the defendant was in possession of marijuana at the defendant's apartment. Officer Cochran testified that he had made no surveillance of the defendant's residence but had made an investigation. He stated that he had opened the defendant's mail box and looked at a name on an envelope therein for the purpose of determining if the defendant lived at that apartment. He then testified that he obtained a search warrant for the defendant's apartment from the late Judge Arnold Britton. Officer Cochran testified that he had provided Judge Britton with no information other than that contained on the face of the affidavit. He was asked by defense counsel: "Did you affirm the affidavit or did you take any type of oath or did you go through any ceremony of whatsoever nature with reference to affirming or swearing to this affidavit?" He responded that he had not. (Tr. 10). The officer stated that when he went to serve the search warrant he met the defendant outside of the apartment and the defendant accompanied him into the apartment where he gave the defendant the search warrant and searched the apartment. He testified that he found what later proved to be marijuana around the kitchen table and also sixteen (16) baggies of same substance inside a closet.

The defendant's motion to suppress the evidence was overruled and the jury was returned to open court.

Officer Cochran was then called as a witness for the State and reiterated the testimony given above. He also testified that during his search of the defendant's apartment, he found an ice grinder containing particles of a green leafy substance and a set of scales located in the same closet as the sixteen (16) baggies of marijuana. He stated that he made a search of the defendant's person and that that search disclosed an amount of marijuana in the defendant's coat pocket.

The testimony of Officer Cochran is all that has been preserved for the record on this appeal.

Defendant first urges that this case must be reversed because an erroneous instruction regarding the burden of proof confused the jury and resulted in his conviction for possession of marijuana.

The instruction by the court of which defendant complains states:

"You are further instructed that should you find from the evidence, under the instructions, and beyond a reasonable doubt that the defendant is *not guilty* of unlawful possession of marijuana with intent to distribute or guilty of possession of marijuana beyond a reasonable doubt, then in either of said latter events you shall find the defendant not guilty." (Emphasis Added)

We cannot escape the conclusion that the wording of the above instruction cannot be other than the result of inadvertence. Nonetheless it is beyond question that to instruct the jury that they must find the

defendant to be not guilty beyond a reasonable doubt is error of the most fundamental nature.

The question for determination then is whether the giving of that instruction so prejudiced the defendant's right to a fair and impartial trial as to require reversal of his conviction. The test of reversible error in an instruction to the jury was set forth in the case of Cortez v. State, Okl. Cr., 415 P.2d 196 (1966) where this Court stated:

"Instruction, improper and erroneous, will not be held reversible error where it is evident on consideration of all instructions given, undisputed facts, and verdict of jury, that such instruction did not work to the prejudice of the defendant, or deprive him of any fundamental or substantial right."

In this regard we find it highly pertinent that the defendant in the instant case was in fact acquitted of the charge of possession of marijuana with intent to distribute to which the erroneous instruction related.

Further we note that the Court correctly instructed on the burden of proof in that portion of the flawed instruction which relates to the crime of possession of marijuana of which defendant was convicted. In addition, the trial court correctly instructed the jury on the proper burden of proof in three other instructions.

Finally, this is not a case of close decision, nor one in which the record reveals a sharp conflict in testimony or where different inferences could reasonably be drawn from the evidence presented. The evidence that the defendant was guilty of the offense of unlawful possession of marijuana is overwhelming. Not only did Officer Cochran testify that he found sixteen (16) baggies of marijuana in the defendant's closet, he also testified that he found marijuana in the defendant's coat pocket upon making a search of his person.

For those reasons, we must conclude that this defendant was not prejudiced by the giving of the erroneous instruction and that, hence, there is no reversible error.

The defendant next contends that it was error for the court not to sustain the motion to suppress for the reason that the affidavit to obtain the search warrant contained insufficient information and was not properly made, signed, and verified.

■■ He first asserts, under this proposition, that the action of Officer Cochran in opening defendant's mail box and reading the name and address on a letter contained therein for the purpose of verifying that the defendant lived in the apartment in question so contaminated the affidavit and the search warrant which it supports as to render those documents invalid. He cites no authority for this contention. The record reveals that at the time of officer's action he had already been informed that the defendant, within the preceding 24 hours, had been observed secreting marijuana in a closet of his apartment. The letter was neither removed from the mail box nor opened; it led to the production of no evidence. Even granting defendant's premise that the officer's action was illegal, we are of the opinion that the inclusion of this matter in the affidavit was merely cumulative, neither materially adding to nor detracting from the allegations essential to the establishment of probable cause. The law is clear that the inclusion of illegally obtained evidence does not vitiate a search warrant otherwise lawfully issued upon probable cause. United States v. Sterling, 369 F.2d 799 (3 Cir. 1966); Chin Kay v. United States, 311 F.2d 317 (9th Cir. 1963). See also Henderson v. State, Okl.Cr., 490 P.2d 786 (1971). We conclude that the issuance of the search warrant was not rendered invalid by the officer's conduct in opening the mail box.

The defendant next attacks the validity of the affidavit upon the grounds that the officer did not state to the magistrate that he swore to the facts contained therein.

■■ The affidavit is signed by the officer and shows on its face to have been sworn to. In the absence of testimony to the contrary we must conclude that the of-

ficer signed in the presence of the magistrate. See Satterfield v. State, 47 Okl.Cr. 418, 288 P. 994 (1930). In the case of Loudermilk v. State, 83 Okl.Cr. 374, 177 P.2d 129 (1947) this Court stated in the syllabus:

"No particular ceremony is necessary to constitute the act of swearing to an affidavit for search warrant. It is only necessary that something be done in the presence of the magistrate issuing the search warrant which is understood by both the magistrate and the affiant to constitute the act of swearing.

"Where a deputy sheriff testifies on a motion to suppress the evidence that he was not formally sworn to the affidavit by raising his hand and invoking the deity, but that he had read the affidavit and signed the same, and handed it to the magistrate to procure a search warrant, and the magistrate placed his jurat upon the affidavit and issued a search warrant based thereon, such affidavit is not subject to the objection that the deputy sheriff was not formally sworn to said instrument."

Further, this Court stated in Mason v. State, 60 Okl.Cr. 392, 64 P.2d 1238 that:

"True test of sufficiency of complaint or affidavit to warrant issuance of search warrant is whether it has been drawn in such a manner that perjury could be charged thereon if any material allegation contained therein is false."

See also Burns v. State, 92 Okl.Cr. 24, 220 P.2d 473. That test has been sufficiently met in the instant affidavit and, hence, we find no merit in the defendant's contention that the affidavit must fall because it was improperly sworn to.

Finally defendant urges that the affidavit is insufficient in that it fails to provide enough information for the magistrate to make an independent determination of probable cause. In support of this contention he relies upon Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; Aguilar v. Texas, 378 U.S. 108,

84 S.Ct. 1509, 12 L.Ed.2d 723 and Guthrey v. State, Okl.Cr., 507 P.2d 556 (1973).

The instant affidavit states in relevant part:

"That I was contacted by confidential informant who has in the past proven to be reliable by supplying information resulting in the arrests and convictions of four persons for narcotic charges. The informant advised me that he had been in the above apartment within the last 24 hours and that he had seen Eddie Simon, who is the person leasing the apartment, concealing a brown paper bag containing approx. 20 baggies of Marijuana and in the closet on the south side of the apartment a cardboard box containing a large amount of stems from Marijuana plants."

The Aguilar-Spinelli test for the sufficiency of an affidavit based upon hearsay information of a confidential informant is two prong: the affidavit must first set forth enough of the underlying facts and circumstances to enable the magistrate to independently judge of the informant's conclusion that the contraband is where he said it is, and it must, secondly, set forth reasons for the affiant-officer's belief that the informant is credible and his information reliable.

In *Guthrey,* supra this Court set down certain guidelines detailing the type of information that the magistrate should consider in making those two determinations. On page 560 of that opinion, we stated:

"An affidavit for a search warrant based upon information received from a reliable informant should state the length of time the affiant has known the informant; that his reputation for truth and veracity was good; and that on a number of occasions past the informant has furnished information to the affiant which had been accurate. The affidavit should then set forth general instances in which the informant had previously furnished correct information. The affidavit should further state whether the in-

formant himself observed the presence of contraband or articles to be seized upon the premises stating the date of the observation or that the belief of the reliable informant is based upon admission of one of the principals maintaining or keeping such contraband or articles on the premises. If the information was received by the affiant from a 'citizen informant', the affidavit should reflect that the informant enjoyed a good reputation in the community; that he had no prior criminal record; and that he was gainfully employed and other details within the knowledge of the affiant that the informant is reliable."

The defendant has identified eight separate items of information therein and complains that not all of them are provided in the instant affidavit. That is true. It is not, however, the intent of *Guthrey* to require a ritualistic application of those guidelines in every case if the affidavit is to be held sufficient to support the issuance of a search warrant. The requirement that the affidavit should state whether the informant himself observed the presence of contraband or articles to be seized upon the premises, stating the date of the observation, or that the belief of the reliable informant is based upon the admission of one of the principals maintaining or keeping such contraband or articles on the premises must, of course, be met in every case to enable the magistrate to make an independent determination of the soundness of the informant's conclusion. That information is sufficiently contained in the instant affidavit.

The remaining items of informations set forth in the *Guthrey* guidelines relate to the credibility of the informant himself. The final three items, that the informant enjoyed a good reputation in the community, that he had no prior criminal record, and that he was gainfully employed, contemplate, in the main, the situation in which information has been received by a citizen who has observed and reported a violation of the law, but who has not in the past worked with the police in gathering and supplying information.

In the more frequent case, in which information is received from a confidential informant who has previously worked with the police in supplying information regarding offenses against the drug laws, this Court has held that a recital, such as the one in the instant affidavit, that the informant has in the past provided accurate information which resulted in the successful prosecution of a number of narcotic offenses is sufficiently probative of that informant's credibility. Davenport v. State, Okl.Cr., 510 P.2d 988 (1973); see also, Buchenburger v. Commonwealth, Ky., 482 S.W.2d 747 (1972).

The sufficiency of the facts provided by the instant affidavit for the determination of the credibility of the informant is marginal and the affidavit itself should not be taken as model for emulation by magistrates or police officers. However, the United States Supreme Court has addressed itself to the question of the resolution of such marginal cases thus:

"[W]here reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965).

We are of the opinion that the instant affidavit, although marginal, set forth sufficient grounds for the magistrate to independently determine that the affiant-officer was justified in believing the informant to be reliable and to establish probable cause for the issuance of the search warrant.

For the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby affirmed.

BLISS, P. J., and BUSSEY, J., concur.