**The STATE of Oklahoma, Appellant,**

v.

**Palmer Dean LOCKHART, and Patsy Ann Lockhart, Appellees.**

No. S–83–173.

Court of Criminal Appeals of Oklahoma.

May 31, 1983.

Cathy Stocker, Dist. Atty., Enid, for appellant.

No appearance by appellees.

## OPINION

BUSSEY, Presiding Judge:

On June 16, 1982, Jason Dean Lockhart, age nine (9) years, died as a result of peritonitis. His parents were subsequently charged in the District Court of Garfield County with Manslaughter in the First Degree, the pertinent part of the information alleging that the defendants did, while engaged in the commission of a misdemeanor, "willfully and wrongfully, without lawful excuse therefore, omit to furnish necessary medical attention" for their minor child, the deceased, directly causing his death. (Or. 1) A jury trial was conducted in the District Court of Garfield County, at the conclusion of which Judge James S. Bryant instructed the jury the following, over the objection of the District Attorney:

### INSTRUCTION NO. 7

A person is justified under the law of this state in not providing medical treatment for his child if instead that parent

in good faith, selects and depends upon spiritual means alone through prayer, in accordance with the tenets and practice of a recognized church or religious denomination, for the treatment or cure of disease of such child.

The defendants were acquitted, and the State has perfected this appeal on a question of law reserved.

The State contends that the trial court erred in instructing the jury as above set forth. We disagree. The State's contention would have been correct prior to the 1975 amendment of Title 21, Section 852, in force at the time of the child's death, which provided in part:

*Nothing in this section shall be construed to mean a child is endangered for the sole reason the parent or guardian, in good faith, selects and depends upon spiritual means alone through prayer, in accordance with the tenets and practice of a recognized church or religious denomination, for the treatment or cure of disease or remedial care of such child; provided, that the laws, rules, and regulations relating to communicable diseases and sanitary matters are not violated.* (Emphasis ours)

We believe that the statute is clear and unambiguous, and expresses a legislative intent that those parents who rely in good faith upon the tenets of their religious belief for the care and protection of their children be allowed a defense to a misdemeanor charge subsequently arising from their failure to obtain medical assistance for their children. If, of course, the underlying misdemeanor cannot be proved, a charge of Manslaughter in the First Degree will not stand. We note here that death caused by peritonitis resulting from perforation of a gangrenous vermiform appendicitis cannot be construed to fall within the communicable disease provision of the statute.

We are of the opinion, and, therefore hold that the trial court did not err in giving the instruction as above set forth. We are fortified in this conclusion by the legislative enactment of House Bill No. 1082,[1] which eliminates this defense on all except minor or trivial illnesses. The appeal on the reserved question of law from the District Court of Garfield County is AFFIRMED.

CORNISH and BRETT, JJ., concur.

---

1. House Bill No. 1082, signed by the Governor on April 20th, which will become effective November 1, 1983, reads in pertinent part as follows:

Section 852. Unless otherwise provided for by law, any parent or legal custodian of a child who willfully omits, without lawful excuse, to perform any duty imposed upon such parent or legal custodian by law to furnish necessary food clothing, shelter, or medical attendance for such child, upon conviction, is guilty of a misdemeanor. As used in this section, the duty to furnish medical attention shall mean that the parent or legal custodian of a child must furnish medical treatment in such manner and on such occasions as an ordinarily prudent person, solicitous for the welfare of a child, would provide; such parent or legal custodian is not criminally liable for failure to furnish medical attendance for every minor or trivial complaint with which the child may be afflicted. Any person who leaves the state to avoid providing necessary food, clothing, shelter, or medical attendance for such child, upon conviction, is guilty of a felony and shall be punished by imprisonment in the State Penitentiary for a period not exceeding one (1) year. Nothing in this section shall be construed to mean a child is endangered for the sole reason the parent or guardian, in good faith, selects and depends upon spiritual means alone though prayer, in accordance with the tenets and practice of a recognized church or religious denomination, for the treatment or cure of disease or remedial care of such child; provided, that medical care shall be provided where permanent physical damage could result to such child; and that the laws, rules, and regulations relating to communicable diseases and sanitary matters are not violated. Nothing contained herein shall prevent a court from immediately assuming custody of a child and ordering whatever action may be necessary, including medical treatment, to protect his health or welfare. Psychiatric and psychological testing and counseling are exempt from the provisions of this act.