Jerry Dean DeVAUGHN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-84-350.

Court of Criminal Appeals of Oklahoma.

April 14, 1986.

Rehearing Denied May 19, 1986.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., David W. Lee, Asst. Atty. Gen., Jean M. LeBlanc, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Jerry Dean DeVaughn, was convicted in the District Court of Oklahoma County, Case No. CRF–83–3862 of Robbery with a Dangerous Weapon and Attempted Robbery with a Dangerous Weapon, and was sentenced to ten years' imprisonment on each of the counts with the sentences to run concurrently. He raises five assignments of error.

Briefly stated, the facts are that in the early morning of July 31, 1983, the appellant and Terry Flatt entered a U-Tote-M convenience store where Flatt, after walking the aisles and making one trip outside, approached the clerk and two customers with a knife in his hand, ordered the clerk to empty the cash register into a paper bag, and the customers to empty their pockets onto the counter. The appellant, who had been in the back of the store getting a sandwich, chips and a beer, came to the counter, stood behind a customer, laid his food on the counter and after being told by Flatt to pick up his food and the money so they could leave, picked up only the food and started toward the door. When Flatt again told the appellant to get the money, he picked up the paper bag and loose bills on the counter, missing a customer's wallet, went out the door to his car and waited for Flatt. After Flatt got in, the appellant started the car and raced from the parking lot. Having made two stops for beer, they were observed and pursued by a Mustang patrol officer who had been given a description of their vehicle and attempted to stop them. He gave chase at speeds exceeding one hundred miles per hour for ten miles, and finally arrested the appellant when he abandoned the vehicle and attempted to flee on foot.

A camera at the convenience store took clear color photos of Flatt and the appellant during the robbery which both testified was not planned, and of which the appellant first became aware when he saw it in progress.

 For his first assignment of error, the appellant alleges that the evidence was insufficient to support the convictions. He complains that the crime of robbery with a dangerous weapon was completed before his participation and that the evidence did not establish all the necessary elements for attempted robbery with a dangerous weapon. When the sufficiency of the evidence is challenged on appeal the relevant question is whether, after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). There is testimony that the appellant and Flatt entered the convenience store together, that the appellant took the money but missed one customer's wallet which was on the counter, drove the getaway car, made an attempt to elude police, and was found with marked money from the robbery in his

possession. We are of the opinion that the evidence was sufficient for the jury to conclude that the appellant participated in the commission of the crime and, therefore, find this assignment of error to be without merit.

For his second assignment of error, the appellant alleges that the elements of an attempted crime are not sufficiently detailed in Count 2 of the information. There is no evidence in the record of an attack on the sufficiency of the information by motion to quash, or demurrer to the information. "Once a defendant pleads to an information and goes to trial, he has waived his right to attack the sufficiency of the information on appeal." *Byrne v. State*, 620 P.2d 1328, 1331 (Okl.Cr.1980). Furthermore, the information contains a near word-for-word rendition of the statutory language, and we find that sufficient. See, *Munson v. State*, 583 P.2d 511 (Okl.Cr.1978).

For his third assignment of error the appellant alleges that the trial court failed to follow proper procedure for the enhancement of punishment because the proceeding was not bifurcated, and a jury determination of guilt was not made. The record shows that the appellant testified on both direct and cross-examination that he had previously been convicted of a felony, which had been modified by this Court. When a defendant under oath confesses a former conviction, there is no question of fact, within the jury's province, of whether the defendant is guilty for the primary offense, alone or the offense charged along with the former conviction. *Jones v. State*, 527 P.2d 169 (Okl.Cr.1974), *Englebrecht v. State*, 569 P.2d 484 (Okl.Cr.1977).

For his last two assignments of error, the appellant complains of improper jury instructions. First, he complains that the trial court failed to define the term "attempt," and second, that the jury was instructed that appellant's former conviction for Second Degree Manslaughter was to be used solely on the issue of the appellant's "alleged intent and knowledge concerning the specific offenses charged in the information." (O.R.31) Upon the court's inquiry, the appellant specifically stated that he had no requests for instructions, and no objections to those submitted by the court.[1] He has thus waived his right to allege error in them on appeal. *Butler v. State*, 645 P.2d 1030 (Okl.Cr.1982). Furthermore, since the instructions generally cover the subject matter, and the issues involved were fairly presented, an omission or ambiguity which is not substantial does not warrant reversal. See, *Phipps v. State*, 572 P.2d 588 (Okl.Cr.1977) and *Burgess v. State*, 488 P.2d 607 (Okl.Cr.1971). The appellant attempts to confer the responsibility for the other crimes instruction upon the State and on this spurious foundation argues that the State was attempting to use other crimes in an impermissible fashion. Such a complaint is utterly without merit.

The judgment and sentence appealed from is AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., specially concurs.

PARKS, Presiding Judge, specially concurring:

I concur only in the result in this case, based on my specially concurring opinion in *Hanson v. State*, 716 P.2d 688 (Okl.Cr.1985) (Parks, P.J., Specially Concurring).

---

1. Trial transcript, pp. 144–145 read as follows:
 THE COURT: Mr. Watson, does the Defendant have any requested instructions?
 MR. WATSON: No, Your Honor.

 \* \* \* \* \* \*

 THE COURT: Mr. Watson, you have a machine original copy of Court's Instruction Number 1 through 24. I'll ask you to state any objection you have to those instructions individually and by number.
 MR. WATSON: Your Honor, I have no objection to the Court's Instructions 1 through 24.